**Christopher A. Gilmore**, OSB No. 980570
Sr. Assistant County Counsel
chris_gilmore@co.washington.or.us
Office of Washington County Counsel
161 NW Adams Avenue, Suite 305, MS #24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MELISSA VAN PATTEN, Personal Representative for the Estate of Melinda Van Patten,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON COUNTY, by and through the Washington County Sheriff's Office,<br><br>　　　　　　　Defendant. | No. 3:15-cv-00891-AC<br><br>STATEMENT OF THE CASE |

　　　　Pursuant to Section V(B) of the Trial Management Order, Defendant offers the following Statement of the Case:

　　　　On May 27, 2013 Mr. Van Patten killed his wife and then himself in a tragic murder-suicide. The dispute in this case is whether the police should have arrested Mr. Van Patten the day before, May 26, 2013.

On May 26, 2013 dispatch asked officers to respond to a domestic at 5355 Southwest River Road. The radio call indicated that the neighbor, Nancy Amrein, was talking to her neighbor, Melinda Van Patten, when she heard Kenneth Van Patten in the background hitting her and the phone went dead. Deputy Dylan Leach, Deputy Leanne Stoneberg and Reserve Deputy Melinda Purvis responded to the call.

The officers arrived, parked their vehicles and approached up the driveway of the residence as a group to contact Melinda Van Patten. She was standing in front of the garage, visibly shaken and crying. The officers asked her to stay on the driveway and they proceeded to contact Kenneth Van Patten inside the home. The officers met Kenneth Van Patten and interviewed him in the kitchen. He stated that his wife wanted a divorce and that she was sleeping with their housemate, Glen Hamilton. He said that he yelled at his wife but did not hit or shove her in any way. He also said that when he went to park his car this morning he told her to move out of the way or he would hit her but that he never made an attempt to hit her with the car. The officers asked Mr. Van Patten if he would leave the premises but he refused to do so. They asked him for his keys to the car to provide Mrs. Van Patten with the opportunity to leave the premises.

The officers went outside and contacted Mrs. Van Patten. They asked her if Kenneth Van Patten had hit or shoved her in any way and she said "no." They asked her if Mr. Van Patten hit her with his car and she said "no." The officers then explained that they did not have probable cause for an arrest. Mrs. Van Patten said, in frustration, "The next time you see this face I'll be dead." The officers provided Mrs. Van Patten the keys to the car. She refused to leave. Based on the investigation the officers did not believe there was probable cause for an arrest for assault because the two witnesses denied any physical contact and there was no

evidence of a physical injury. Based on the investigation the officers did not believe there was probable cause for an arrest for menacing because there was no specific threat of serious bodily harm by Kenneth Van Patten that was imminent.

The jury will be asked to determine whether the officers had probable cause for an arrest on May 26, 2013. An officer can arrest a person only if they have probable cause. An officer has probable cause if the officer subjectively believes that more likely than not a crime has been committed and that this belief is objectively reasonable under the circumstances.

Under state law, an arrest is mandatory when investigating a claim of domestic violence for the crimes of assault and menacing. An assault occurs when a person causes physical injury to another. To prove a person suffered a physical injury there must be an impairment of a person's physical condition or an injury that results in substantial pain.

Menacing occurs when a person is placed in fear of an imminent threat of serious physical injury. Menacing requires a specific threat that is "near at hand" or "impending" and does not include a general threat that may occur at an undetermined date in the future.

You will be asked to determine whether on May 26, 2013 the officers had probable cause to arrest Kenneth Van Patten for the crime of assault or menacing and whether that failure to arrest caused the murder of Mrs. Van Patten on May 27, 2013. If you find the officers did have probable cause and that failure to arrest caused the murder-suicide on May 27, 2013 then you will be required to determine an amount for damages.

DATED: June 5, 2017.

             *s/Christopher A. Gilmore*
             Christopher A. Gilmore, OSB No. 980570
             Sr. Assistant County Counsel
             chris_gilmore@co.washington.or.us
             Attorney for Defendant