UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MELISSA VAN PATTEN, Personal Representative for the Estate of Melinda Van Patten,<br><br>        Plaintiff,<br><br>        v.<br><br>WASHINGTON COUNTY, by and through the Washington County Sheriff's Office,<br><br>        Defendant. | Case No. 3:15-cv-0891-AC<br><br>OPINION AND ORDER |

ACOSTA, Magistrate Judge:

*Introduction*

Defendant Washington County ("the County") moves to certify five questions of law to the Oregon Supreme Court, pursuant to ORS § 28.200, which allows certification of dispositive questions of Oregon law. (ECF No. 115.) The court finds this motion appropriate for disposition without oral argument, pursuant to Local Rule of Civil Procedure 7-1(d)(1). The motion is denied.[1]

---

[1] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c).

None of the issues that the County seeks to certify are dispositive of plaintiff Melissa Van Patten's ("Plaintiff") sole remaining claim.

*Legal Standard*

Local Rule of Civil Procedure 83–15 establishes the substantive and procedural criteria for certification. Substantively, the certification criteria stated in *Western Helicopter Services, Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364–71 (1991), govern when certification is appropriate. *Western Helicopter* established five mandatory criteria and seven discretionary criteria. *Id.* Procedurally, LR 83–15 requires the moving party to file a memorandum addressing the *Western Helicopter* factors. The assigned trial judge then determines whether certification is appropriate. If the assigned trial judge determines that certification is appropriate, he or she makes a recommendation to the Chief Judge. The Chief Judge then confers with the other members of the court, and certifies the question if the court concurs with the recommendation to certify.

The mandatory criteria are (1) statutorily authorized certifying court, (2) a question of law, (3) the law at issue is Oregon law, (4) the question must be determinative of at least one claim in the case, and (5) a lack of controlling Oregon precedent. *W. Helicopter Serv.*, 311 Or. at 364–65. Of these, the certifying court may objectively determine the first four issues, while the fifth issue is a subjective judgment. *Id.* at 366. The discretionary factors, analyzed by the Oregon Supreme Court after certification are (1) an independent assessment by the Oregon Supreme Court of whether controlling precedent exists, (2) whether the certifying court has applied *Pullman* abstention, (3) comity between federal and state courts, (4) importance of the question, (5) an actual dispute regarding the issue, (6) the procedural posture of the case, with cases ready for trial best suited for certification, and (7) the Supreme Court's ability to restate the questions. *Id.* at 366–71.

*Analysis*

The County moves for certification of five questions of law:

1. Whether ORS § 133.055(2)(a) reflects the legislature's intent to create a new crime, other than assault or menacing, to trigger mandatory arrest when a "person has placed the other in fear of imminent serious physical injury"?

2. In addition to the failure to arrest under ORS § 133.055, is there an independent right of action for the "failure of an officer to investigate" as a new statutory tort against a governmental body when an officer fails to investigate the factors under ORS § 133.055(2)(c) as part of the determination of whether probable cause exists?

3. Do the factors under ORS § 133.055(2)(c) (A) through (D) only apply, post-probable cause, to the officer's determination of the correct person to arrest or are they factors that the officer must consider as part of the pre-arrest, initial determination of whether probable cause exists?

4. If a violation of ORS § 133.055 is grounds for an independent right of action as a statutory tort, does that statutory liability supplant or supplement the sole remedy for wrongful death actions under ORS §§ 30.020–.100?

5. Assuming a violation of ORS § 133.055 is grounds for an independent right of action, what damages are available to the personal representative or beneficiary of a claimant's estate for that violation and are those damages subject to the limits of the Oregon Tort Claims Act, ORS §§ 30.260–.302, or the wrongful death statute, ORS §§ 30.020–.100?

(Mot. Certification (ECF No. 115), at 2.) The court will first address the certification criteria applicable to all questions presented; specifically, the first three *Western Helicopters* factors. Then, the court will separately analyze each question to determine whether the question is potentially dispositive of the cause. As explained below, none of the questions are potentially dispositive of the cause. The court therefore need not analyze whether controlling precedent answers any of the questions or address whether the Oregon Supreme Court is likely to accept certification under the discretionary *Western Helicopter* factors.

I. Generally applicable certification criteria.

First, the district court may certify questions under ORS § 28.200. Although *Western Helicopters* states that magistrate judges may not directly certify questions, the certification process under LR 83–15 allows, district, magistrate, and bankruptcy judges to request certification through the Chief Judge. *See W. Helicopter Serv.*, 311 Or. at 364 ("We note, by way of illustration, that the list does not include United States Magistrate[ Judges] or Referees in Bankruptcy."); LR 83–15(b) (establishing certification procedure). Accordingly, this case meets the first *Western Helicopters* factor. The County's motion also satisfies the second and third *Western Helicopters* factors. All five issues require interpretation of Oregon statutes. Thus, the issues are both questions of law and governed by Oregon law.

II. Individual issues.

Besides the generally applicable criteria for certification, each issue must be determinative and not resolved by existing precedent. A legal issue is "determinative of the cause" if one resolution of the issue "[has] the potential to determine at least one claim in the case." *W. Helicopter Serv.*, 311 Or. at 365. While *Western Helicopters* does not define "determine," it cites with approval a Maine case interpreting determinative as "any disposition by which the federal cause is terminated." *See White v. Edgar*, 310 A.2d 668, 677 (Me. 1974), *cited with approval in W. Helicopter Serv.*, 311 Or. at 365. Thus, an issue is determinative if one or more resolutions of the issue would terminate one or more claims in a lawsuit.

For example, in *West Linn Corp. Park LLC v. City of West Linn*, 534 F.3d 1091, 1100 (9th Cir. 2008), the Ninth Circuit held that state-law questions were determinative when a plaintiff's state-law administrative remedies governed whether one of the claims was ripe for adjudication.

There, the issues were determinative because one possible answer would require dismissal of a claim in the lawsuit. *Id.* In contrast, the Nevada Supreme Court, interpreting identical language in a certification rule derived from the same model act as Oregon's statute, held that questions of evidence were not determinative when a trial would proceed regardless of the disposition of the questions. *Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 749–50 & nn. 2–4 (2006) (noting that the language comes from the 1967 Uniform Certification of Questions of Law Act) (citing, *inter alia*, *W. Helicopter Servs.*, 311 Or. at 360–61). Even applying a less-stringent construction of "may be determinative of the cause," the *Volvo* court held that "pretrial evidentiary issues" would have a speculative impact on the underlying case, and concluded that certification was inappropriate. *Id.*

### A. Whether ORS § 133.055(2)(a) creates a "new crime" for arrest.

The first proposed question is not determinative of any claim. While the County contends the question "may determine the outcome of this case," it apparently uses "determine" in a different sense than used in *Western Helicopter*. The County characterizes the first question as determinative because one answer would cause the court to "depart from existing precedent." (Mot. Certification at 4.) But the County does not explain, nor can the court discern, how either resolution of this question would terminate Plaintiff's claim under ORS § 133.055(2). Instead, any interpretation the disputed provision of ORS § 133.055(2) — whether the language creates a new crime, implicitly refers to the crime of menacing, or does neither — would allow Plaintiff's claim for failure to arrest to proceed. Accordingly, certification of the first question is inappropriate because it could not determine the claim.

### B. Is there an independent right of action under ORS § 133.055(2)(c)?

The second proposed question also could not determine any claim, principally because

Plaintiff does not assert a free-standing claim under ORS § 133.055(2)(c) for failure to investigate. (*See* First Am. Compl. (ECF No. ) ¶¶ 54–56.) Plaintiff's statutory claim derives from the Deputies' failure to arrest Ken Van Patten. (*Id.* ¶ 56 ("Defendants violated the law by failing to arrest Kenneth Van Patten after he had assaulted Melinda and/or placed her in fear of imminent serious physical injury or death.") The court's construction of subparagraph (2)(c) relates to whether, as part of the failure-to-arrest claim, the jury may consider information reasonably ascertainable by the Deputies at the time they decided to not arrest Mr. Van Patten. No answer to this question would terminate Plaintiff's failure-to-arrest claim. Accordingly, the second proposed question would not determine any claim in this lawsuit. Certification is therefore inappropriate.

*C. When do the factors listed in ORS § 133.055(2)(c) apply?*

The third proposed question could not determine any claim. As discussed above, this issue relates only to the scope of evidence admissible to determine whether the Deputies had a mandatory duty to arrest Ken Van Patten. Resolution of this issue would determine the evidence admissible to prove Plaintiff's claim, but would not terminate Plaintiff's sole remaining claim. Plaintiff could still pursue her failure-to-arrest claim based on the information known to the Deputies when they decided to not arrest Mr. Van Patten. Certification of the third proposed question is also inappropriate.

*D. Do the limitations on damages under Oregon's wrongful-death statute or the Oregon Tort Claims Act apply to a statutory-liability claim under ORS § 133.055?*

The fourth and fifth questions address closely related issues, and therefore are analyzed together. Neither question is potentially determinative of Plaintiff's claim. Both questions relate to whether Plaintiff's damages are subject to statutory limitations and, if so, to what extent. Limitations on damages cannot fully terminate Plaintiff's claim. Accordingly, certification of the

fourth and fifth proposed questions is inappropriate.

*Conclusion*

The court DENIES the County's motion for certification. (ECF No. 115.)

IT IS SO ORDERED.

DATED this 29th day of June, 2017.

                                                     s/ John V. Acosta
                                                     JOHN V. ACOSTA
                                            United States Magistrate Judge