**Christopher A. Gilmore**, OSB No. 980570
Senior Assistant County Counsel
**Kimberly ASY Stuart**, OSB No. 054685
Assistant County Counsel
*kimberly_stuart@co.washington.or.us*
Office of Washington County Counsel
161 NW Adams Avenue, Suite 305, MS #24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MELISSA VAN PATTEN**, Personal Representative for the Estate of Melinda Van Patten,<br><br>     Plaintiff,<br><br> v.<br><br>**WASHINGTON COUNTY**, by and through the Washington County Sheriff's Office,<br><br>     Defendant. | Case No. 3:15-cv-00891-AC<br><br>**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>(Fed. R. Civ. Proc. 50(a)) |

## I.  MOTION

Defendant Washington County moves the court for judgment as a matter of law because a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on the following issues:

     (1)     Whether probable cause existed mandating the arrest of Ken Van Patten under ORS 133.055(2), specifically;

          (a)     Whether Plaintiff has presented sufficient evidence of "physical injury" via "impairment" of physical condition or "substantial pain" of Melinda Van Patten under ORS 133.055(2)(b) to enable Plaintiff to submit a claim for statutory liability to the jury for any officer's failure to arrest Ken Van Patten for assault. *See State v. Nathan Ashley Long*, 286 Or. App. 334, ###, ___ P.3d ___ (2017)

          (b)     Whether Plaintiff has presented sufficient evidence of "fear" or "imminence" of Melinda Van Patten to trigger mandatory arrest under ORS 133.055(2)(b) and enable Plaintiff to submit a claim for statutory liability to the jury for any officer's failure to arrest Ken Van Patten for placing Melinda Van Patten in "fear of imminent serious physical injury";

     (2)     Whether the action of the officers in not arresting Ken Van Patten caused the pain and suffering of Melinda Van Patten; and

     (3)     Whether the Officer's failure to arrest Ken Van Patten caused the death of Melinda Van Patten.

Plaintiff's failure to meet all elements of proof in their case on the above issues entitles Defendant to judgment in its favor.  Fed. R. Civ. Proc. 50(a).  Defendant also renews its prior motion for summary judgment, as well as prior arguments on:  (1) disallowing defendant to raise the defense that an "officer would not be liable * * * for failing to make an unconstitutional arrest[,]" *see Nearing v. Weaver*, 295 Or. 702, 709, 670 P.2d 137 (1983); *see* ECF No. 120, p. 26]; (2) that the language in ORS 133.055(2)(b) of placing someone in "fear of imminent serious physical injury" is actually the *de facto* application of "menacing" in ORS 163.190 ("A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury."), which includes relevant Oregon case law on "fear" to mean a specific imminent threat, not a generalized one.

     Even if all elements of probable cause and causation were met, Defendant renews its motion that it is still entitled as a matter of law for judgment, because ORS 133.055 is not an independent statutory cause of action for the wrongful death of Melinda Van Patten.  There is no remedy available to Plaintiff for a wrongful death solely on statutory liability under ORS

133.055.  In addition, even if Plaintiff had the right to bring an independent cause of action on behalf of Melinda Van Patten under ORS 133.055, Plaintiff failed to prove that the officers' conduct or omissions caused Melinda Van Patten's death.

## II.    STANDARD OF REVIEW

Federal Rules of Civil Procedure 50(a) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Such a motion may be made at any time before the case is submitted to the jury, as long as it specifies the judgment sought and the law and facts that entitle the movant to the judgment.  *Id*. Therefore, at the close of the evidence of a Plaintiff's case, the court is authorized to enter judgment as a matter of law at any time during the trial, as soon as it is apparent that either party is unable to carry a burden of proof that is essential to that party's case.  *See Fed. R. Civ. P.* 50 advisory committee's note to 1991 amendment.  Once a party has completed their presentation on a fact essential to that party's case or defense and failed to present sufficient evidence, entry of judgment is appropriate, especially when "economy and expedition will be served."  *Id*.

A.  No Probable Cause to Arrest Ken Van Patten for Assault.

Based on the Court's ruling at the Pre-Trial Conference on July 5, 2017 ("PTC") and the evidence in Plaintiff's case-in-chief, Defendant moves for judgment as a matter of law in its favor on the issue of probable cause to arrest for assault under ORS 133.055(2).  Plaintiff has

failed to present any evidence of assault, specifically any physical injury, by Ken Van Patten against Melinda Van Patten to trigger probable cause for his arrest.

Various levels of assault are defined in ORS 163.160, *et seq.*, with the lowest level of assault being an assault in the fourth degree ("Assault IV"), a class A misdemeanor. A crucial element to an Assault IV is physical injury to another. *See* ORS 163.160(1)(a); (b). "Physical injury" is defined as "impairment of physical condition or substantial pain." ORS 161.015(7). To find probable cause under Article I, section 9 requires:

> "both a subjective and an objective component. An officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances. The test is not simply what a reasonable officer could have believed when he conducted a warrantless search or seizure, but it is what this officer actually believed, based upon the underlying facts of which he was cognizant, together with his own training and experience." *State v. Owens*, 302 Or. 196, 204 (1986).

Thus to find probable cause to arrest for an Assault IV, the deputies must have believed that such an assault was committed by Ken Van Patten, and that belief must have been objectively reasonable under the circumstances.

However, the record before the Court lacks any evidence to permit a finding by the jury that Melinda Van Patten suffered "substantial pain" or "impairment of a physical condition" or any physical injury sufficient to constitute an assault. In fact, the evidence presented shows that during the course of the Deputies' investigation, neither Melinda Van Patten nor Ken Van Patten suffered any physical injury and there is no testimony on any "substantial pain" or "impairment" suffered by Melinda Van Patten. Thus, there is no evidence of assault to trigger mandatory arrest under ORS 133.055(2).

At trial, all three deputies testified that on May 26, 2013, the Van Patten's neighbor told 911 dispatch that she heard Melinda Van Patten say "stop hitting me" repeatedly before being

disconnected, per the CAD report on May 26, 2013.  [Ex. 4, p. 1].  Upon arrival, deputies

questioned Ken and Melinda Van Patten, however, the deputies determined that Ken "had not hit

or shoved his wife in any way."  [Ex. 5, p. 2].  When questioned by deputies as to whether her

husband "had it or shoved her in any way," Melinda Van Patten's response was "No."  *Id*.  When

asked if Ken Van Patten had hit her with his car, Melinda Van Patten's response again was "No."

*Id*.  It is undisputed that there were no other eyewitnesses to any assaults between Ken and

Melinda Van Patten on May 26, 2013.  Deputies also further testified that there were "no injuries

on either party." [Ex. 6, p. 2].  There is no evidence in this record of any physical injuries.

Even if there was evidence of physical injury, mere injury alone does not automatically

support an arrest for Assault IV.  *See State v. Long*, 286 Or. App. 334, 340-1, ___ P.3d ___

(2017) (holding that "substantial pain" refers to the "degree and duration of pain subjectively

experienced by a victim[,]" which must be "ample" or "considerable" and not "fleeting or

inconsequential," *citing State v. Poole*, 175 Or. App. 258, 261, 28 P.3d 643 (2001)); (reviewing

cases constituting insufficient evidence of "substantial pain").  Although whether a victim has

suffered "substantial pain" is generally a question for the fact finder, whether the evidence is

sufficient to submit to the jury "depends on the nature of the evidence itself."  *Id*. at 341-2.

When there is little to no direct evidence on pain, the trial court should determine, as a matter of

law, "whether reasonable inferences may be derived from the evidence so as to permit

submitting the issue to the factfinder."  *Id*. at 342, *quoting State v. Bivins*, 191 Or. App. 460, 467,

83 P.3d 379 (2004).  Here, even if some pain had occurred due to physical injury, there is

insufficient evidence in the record to show or infer the degree, quality or duration of such pain.

In this record, no such inferences can be reasonably drawn from the evidence – there was

no testimony of physical injury rising to the level stated in *Long*, much less any circumstantial

evidence of injuries or demeanor corroborating any such claims.  In fact, the only witnesses to the alleged assault, Ken and Melinda Van Patten, both denied any physical injury; this was also confirmed by the deputies.  Because no reasonable juror could find, based on this evidence, that Ken Van Patten assaulted Melinda Van Patten, Plaintiff has failed to establish a causal connection between any failure to arrest Ken Van Patten for assault under ORS 133.055(2) and the death of Melinda Van Patten.  Defendant is entitled to dismissal of this claim as a matter of law.

      B.    <u>There is Insufficient Evidence to Show that Ken Van Patten Placed Melinda Van Patten in "Fear of Imminent Serious Physical Injury" to Trigger Mandatory Arrest under ORS 133.055(2).</u>

Based on the Courts' prior ruling (ECF No. 120 (Order on Motions in Limine), p. 10; ECF No. 55, p. 1), Defendants move for judgment as a matter of law on whether sufficient evidence was presented that Melinda Van Patten was in "fear of imminent serious physical injury."  ORS 133.055(2)(a).

As opined by this Court, the threat of "imminent serious physical injury" exists when an objectively reasonable person would have been put in fear of imminent physical injury based on the totality of the circumstances.  *Holbert and Noon*, 245 Or. App. 328, 332-33, 260 P.3d 836 (2011) (applying prior construction of term "imminent" when determining whether a husband had placed his wife in "'in fear of imminent bodily injury'" for purposes of the Family Abuse Prevention Act (FAPA).").  An imminent threat means a threat of injury that is "near at hand, impending, or menacingly near." *Id.* at 335 (citations omitted).

The single statement regarding fear of imminent serious physical injury is:

This morning Ken told us that he left for a while to get away and returned to Malinda [sic] yelling at him in the driveway.  When Ken was parking the car, he said to Malinda [sic] "move out of the way or I will hit you".  When asked if he

attempted to hit Malinda [sic], Ken told us he did not hit or attempt to hit Malinda [sic] with the car." (Ex. 5, p. 2).

Deputy Purvis also testified that she had asked Melinda if Ken had "hit or shoved her in any way or hit her with his car." The simple answer was "No." (Ex. 5, p. 2). There is no evidence to challenge that undisputed fact.

Although Plaintiff attempts to conflate Melinda Van Patten's statement that she is afraid of her husband with the incident involving the car earlier in the morning, such argument cannot support a reasonable inference that her later statement of "the next time you see this face, I'll be dead", given after the fact and a generalized statement of future harm, can support "fear" occurring contemporaneously or within the temporal zone of imminence at the time of the car incident. At no point did Melinda Van Patten express to the officers that she was afraid when Mr. Van Patten was parking his car or that he threatened her with the his vehicle. There is simply no basis considering the evidence presented to establish Melinda Van Patten was in fear of a serious physical injury when Ken Van Patten was parking the car.

Equally as important is the absence of any other evidence that Ken Van Patten threatened her with the car. There were no witnesses to the incident. There was no statement by either party about where Mrs. Van Patten was at the time he was parking the vehicle or whether she was in a position to be struck by the car. Ultimately, the deputies were presented with no statement of fear from a specific threat from Melinda Van Patten; merely a single isolated statement by Ken Van Patten stating "move out of the way or I'll hit you" which was followed by his own denial that he tried to threaten her, no witnesses to the event, and no physical evidence demonstrating that he threatened her with the his car. This is simply insufficient to establish probable cause that Ken Van Patten placed his wife in imminent threat of serious physical injury when parking his car. Plaintiff's failed to meet their burden of demonstrating that

the decision by the officers was unreasonable and not supported by objective evidence. *See Kingsley v. Hendrickson*, 576 U.S. \_\_\_, 135 S.Ct. 2466, 2472-3, 192 L.Ed.2d 416 (2015) (must show officer's decision was unreasonable to prove excessive force claim); *see also State v. Owens*, 302 Or. 196 (1986) (Article I, Section 9 prohibits unreasonable seizures).

### III.    CONCLUSION

As a matter of law, Defendant requests relief it its favor on all claims and defenses, as stated above.

DATED: July 11, 2017.


_____*s/Kimberly A. Stuart*_____
Kimberly A. Stuart, OSB No. 054685
Assistant County Counsel
*kimberly_stuart@co.washington.or.us*
Attorney for Defendant