UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MELISSA VAN PATTEN, Personal Representative for the Estate of Melinda Van Patten,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY, by and through the Washington County Sheriff's Office,<br><br>Defendant. | Case No. 3:15-cv-0891-AC<br><br>OPINION AND ORDER |

ACOSTA, Magistrate Judge:

*Introduction*

This case is before the court on defendant Washington County's ("the County") cost bill. (ECF No. 143.) Plaintiff Melissa Van Patten ("Plaintiff") filed this lawsuit in 2015, alleging federal civil-rights violations and state-law causes of action. (ECF No. 1.) Following a grant of partial summary judgment in favor of the County and a jury verdict on Plaintiff's remaining claim, the court entered final judgment for Washington County on all claims. (ECF No.142.)

Plaintiff objects generally to the taxation of costs in this matter based on her financial circumstances, the chilling effect on future civil-rights litigants, and the closeness and importance of the issues raised in the lawsuit. (ECF No. 146.) Plaintiff also objects specifically to certain costs claimed by the County. (*Id.*) For the reasons explained below, the court denies the County's bill of costs in full.[1]

*Background*

In 2013, Sheriff's Deputies Dylan Leach and Leanne Stoneberg and Reserve Deputy Melinda Purvis (collectively, "the Deputies"), employees of the County, responded to a domestic-violence call at the home of Melinda Van Patten and Ken Van Patten. *Van Patten v. Leach*, No. 3:15-cv-0891-AC, 2016 WL 5928803, at *1 (D. Or. Oct. 11, 2016). The Deputies did not arrest Ken Van Patten. *Id.* at * 2. On the following day, Ken Van Patten shot Melinda Van Patten twice, killing her, before committing suicide. *Id.* at * 1. Plaintiff, as personal representative of Melinda Van Patten's estate ("the Estate"), filed this lawsuit against the Deputies and the County, alleging claims under 42 U.S.C. § 1983 and Oregon tort law. (First Am. Compl. (ECF No. 1) ¶¶ 32–72.)

The parties vigorously contested Plaintiff's claims and the County's defenses. The County filed a motion for summary judgment which was thoroughly briefed by all parties. (*See* ECF Nos. 27, 35, 36, 40.) The court granted partial summary judgment against Plaintiff on Van Patten's §1983 claims and some state-law claims. *Van Patten*, 2016 WL 5928803, at * 1. Plaintiff's remaining claim for statutory liability under the mandatory-arrest provision of Oregon's Abuse Prevention Act, ORS § 133.055, went to trial. Following a three-day trial, a

---

[1] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c).

jury concluded that the County was not liable because the Deputies did not have probable cause to arrest Ken Van Patten. (ECF No. 140.)

*Legal Standard*

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mex.–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The types of costs that courts may award under Rule 54(d) are enumerated in 28 U.S.C. §§ 1920 and 1821. District courts have discretion to refuse or reduce an award of costs, but must provide a reason for doing so. *Escriba v. Foster Poultry Farms, Inc.*, 743 F. 3d 1236, 1247–48 (9th Cir. 2014). The Ninth Circuit identifies the following a non-exhaustive list of reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* (citing *Ass'n of Mex.–Am. Educators*, 231 F.3d at 592–93). The factors are only a starting point for analysis, and do not require any specific conclusion. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

*Analysis*

The County requests $9,879.42 in costs. (ECF No. 143, at 2.) Plaintiff first argues that taxation of costs is inappropriate and inequitable under the circumstances of this lawsuit, and alternatively contends that specific costs requested were not reasonable and necessary for use in the case.

I. Limited financial resources.

Plaintiff first objects to taxation of costs because of her limited financial resources.

PAGE 3 — OPINION AND ORDER [TJP]

Plaintiff submits a sworn declaration regarding the financial assets of the Estate and her own financial circumstances. (Decl. of Melissa Van Patten (ECF No. 146, ex. 1).) First, the Estate has no assets other than this now-dismissed lawsuit. (*Id.* ¶ 2.) Thus, Plaintiff would be fully responsible for the taxation of costs. Second, Plaintiff was laid off in 2016 and is currently unemployed. (*Id.* ¶ 4.) She is also the parent of two minor children, one of whom has autism. (*Id.* ¶ 3.) Although Plaintiff has some liquid assets, she is also financially responsible for the additional care which one of her child needs due to his developmental disability. (*Id.* ¶¶ 3, 5.) She has expended approximately $5,000 in her own litigation costs. (*Id.* ¶ 6.) Plaintiff asserts that paying the cost bill would be a substantial financial burden on her and her family. (*Id.* ¶¶ 5, 7.)

Taxing costs is inappropriate where the award would render a party indigent, considering a party's financial resources. *Escriba*, 743 F.3d at 1248; *Stanley v. Univ. of S. Cal.*, 178 F.3d at 1079. For example, awarding costs was an abuse of discretion against a plaintiff who was incarcerated, unemployed, had no bank account, assets, or other income, and owned thousands of dollars in restitution. *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016). The Ninth Circuit held that the plaintiff's indigency was independently sufficient to rebut the presumption in favor of taxing costs. *Id.* Here, Plaintiff's financial circumstances are not so dire as the *Rosario* plaintiff, due to her liquid assets and lack of substantial debt. Plaintiff's financial resources nonetheless weigh against granting the cost bill. She is unemployed, and has substantial financial obligations as to her children. Persuasive authority for considering a plaintiff's family obligations exists in the Ninth Circuit's unpublished and non-precedential decision in *Guitron v. Wells Fargo Bank, NA*, 619 F. App'x 590, 592 (2015) (considering a plaintiff's status as a single mother of two children in ordering a reduction in an award of costs).

Accordingly, Plaintiff's financial circumstances weigh against allowing the County's cost bill.

II. Chilling effect and importance of issues.

Plaintiff also asserts that taxation of costs would have a chilling effect on future civil-rights plaintiffs. Plaintiff notes that her original complaint asserted federal civil-rights claims, and argues that her claim that went to trial was "grounded on the same facts [as her civil-rights claims] and carried the same essence as a civil rights claim." (Mot. for Disallowance of Cost Bill (ECF No. 146) at 4.) Although some chilling effect may result, Plaintiff's arguments regarding the potential for a chilling effect does not differentiate this civil-rights lawsuit from any other lawsuit filed under § 1983 or against law-enforcement. There is no blanket prohibition on taxing costs against unsuccessful civil-rights litigations. Instead, the chilling-effect consideration is better understood as closely related to the importance, closeness, and novelty of the issues raised in the lawsuit. In discussing the potential for a chilling effect on other civil-rights plaintiffs, the Ninth Circuit noted the importance of "civil rights litigants who are willing to test the boundaries of our laws" in achieving progress after *Brown v. Board of Education*, 347 U.S. 483 (1954). *Stanley*, 178 F.3d at 1080. Thus, the potential for a chilling effect is greater when a plaintiff asserts novel civil-rights claims or claims addressing important societal issues.

This case indeed presented novel and important issues. Plaintiff's claims involved issues of first impression regarding the scope and nature of the mandatory-arrest provision of the Abuse Prevention Act. The resolution of these novel issues was not obvious, particularly because the lack of precedent interpreting ORS § 133.055 and complexity of the issues required recourse to legislative history. Moreover, the underlying issue of the appropriate response to domestic violence is an issue of national importance. Domestic violence is not a new problem in our society, but public discussion of prevention of and appropriate response to domestic violence is

only increasing. This lawsuit fell squarely within that public discussion. Although Plaintiff did not prevail on her claims, she raised important questions regarding law enforcement's role in preventing and responding to domestic violence.

Rule 54(d) "vests in the district court discretion to refuse to award costs." *Ass'n of Mex.–Am. Educators*, 231 F.3d at 591. The close, important issues presented in this lawsuit and Plaintiff's limited financial resources are sufficient for the court to exercise such discretion. Accordingly, the court denies the County's cost bill. The court therefore does not address Plaintiff's objections to taxing specific costs.

*Conclusion*

The County's Cost Bill (ECF No. 143) is DENIED.

IT IS SO ORDERED.

DATED this 24th day of August, 2017.

_____
JOHN V. ACOSTA
United States Magistrate Judge